NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IONA SMITH, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 05-CV-5873 (DMC) |
| KIM JOHNSON, COLLINS IJOMA, RICKY SCOTT, SIGFRIEDO CARRION, MARC FEINSTEIN, MIA GARRET, ALFRED RESTANINO, ELLEN QUINN, MICHELLE PRIARONE, HLOYE COURAN, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon motion by Kim Johnson, Collins Ijoma, Ricky Scott, Sigriedo Carrion, Marc Feinstein, Mia Garret, Alfred Restanino, Ellen Quinn, Michelle Priarone and Hloye Couran (collectively, "Defendants") for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted.**

**I.    BACKGROUND**[1]

*Pro se* Plaintiff Iona Smith ("Plaintiff") is suing Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII"), alleging discriminatory conduct on the part of Defendants due to Plaintiff's race, sex, color and psychological disability. This alleged discrimination culminated in her suspension and eventual resignation from Plaintiff's clerkship in the Superior Court of New Jersey, Essex Vicinage ("Superior Court"). Plaintiff filed her complaint with this Court on December 20, 2005. This Court dismissed the Complaint for failure to provide sufficient information to determine what relief Plaintiff sought and granted Plaintiff thirty days to cure this defect. When the defect went uncured, this Court dismissed Plaintiff's Complaint. Plaintiff thereafter appealed to the United States Court of Appeals for the Third Circuit, which vacated this Court's Opinion and Order and remanded the matter to this Court. Plaintiff then filed an Amended Complaint on February 27, 2007.  Defendants, in response, filed the current motion for summary judgment, which Plaintiff has failed to oppose.

**II.    STANDARD OF REVIEW**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact. See id.  "The burden has two distinct components:

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

2

an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III. DISCUSSION

Defendants allege, *inter alia*, that Plaintiff's Complaint should be dismissed as a matter of law because individuals cannot be held liable under Title VII. Title VII states that "[i]t shall be an unlawful employment practice for an employer" to hire, fire, or discriminate against an individual based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The Third Circuit has declined to extend liability under Title VII to individuals. In Sheridan v. E.I. Dupont de Nemours & Co., the plaintiff alleged Title VII claims against her former supervisor as well as

her former employer. See 100 F.3d 1061 (3d Cir. 1996). The claims against the supervisor were dismissed and the Third Circuit held that Congress did not intend to hold individual employees liable under Title VII. See id. at 1077. In the current case, Plaintiff has only named individual managers, supervisors and Superior Court employees as Defendants. Despite Plaintiff's *pro se* status, Plaintiff must comply with the rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that the procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Thus, Plaintiff's claims are dismissed as a matter of law and it is, therefore, unnecessary for this Court to address the other arguments presented in Defendants' brief.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       July   2  , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File